NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROD PEREZ,<br><br>  Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>  Respondent. | Civil Action No. 14-6682 (KSH)<br><br>**OPINION** |

**HAYDEN, District Judge:**

*Pro se* petitioner Rod Perez, confined at the Moshannon Valley Correctional Center in Philipsburg, Pennsylvania, has filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 ("motion"), challenging a judgment and sentence imposed by this court in *United States v. Perez*, No. 11-cr-0862, ECF No. 43 (D.N.J. entered Oct. 4, 2012) ("Crim. Dkt."), after a jury convicted him of drug trafficking. For the reasons stated below, the Court denies the motion.

## I.     FACTUAL BACKGROUND

For the purposes of this opinion, the Court relies on the summary of facts of this case as recited by the government in its response, ECF No. 8, which Perez has not opposed or disputed. On October 19, 2010, as part of a drug deal whereby Perez and another individual, Edward Martinez, would obtain a shipment of drugs, Perez enlisted Yokasta Vizcaino to drive from Lynn, Massachusetts to New Jersey in a car he provided her that had a cash payment of $23,500 stashed in a hidden compartment. On arrival, Vizcaino met with the person she expected would be providing the drugs, who turned out to be a confidential government informant. Vizcaino was arrested at the meeting place, and agreed to cooperate with law enforcement officials to implicate

Perez. When she returned to Lynn and met up with Perez, she recorded conversations in which he made inculpatory statements. Perez was indicted and stood trial. The government's evidence included Vizcaino's testimony, her recorded conversations with him, and surveillance videos.

## II. STANDARD OF REVIEW

A prisoner in federal custody may move the sentencing court "to vacate, set aside or correct the sentence" upon three grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; or (3) "that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a).

A criminal defendant bears the burden of establishing entitlement to § 2255 relief. *See United States v. Davies*, 394 F.3d 182, 189 (3d Cir. 2005). Moreover, because a § 2255 motion to vacate is a collateral attack on a sentence, a criminal defendant "must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982), *cited in United States v. Travillion*, 759 F.3d 281, 288 (3d Cir. 2014). In considering a motion to vacate a defendant's sentence, "the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005) (internal quotation marks and citation omitted). "It is the policy of the courts to give a liberal construction to *pro se* habeas petitions." *Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010). The Court may dismiss the motion without holding an evidentiary hearing if the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. *See* 28 U.S.C. § 2255(b); *Liu v. United States*, No. 11–4646, 2013 WL 4538293, at *9 (D.N.J. Aug.26, 2013) (citing *Booth*, 432 F.3d at 545–46).

## III. DISCUSSION

In the motion, Perez raised seven grounds for relief, but provided no factual allegations to support them. *See* ECF No. 1 at 5-6. Subsequently, he submitted a brief in which he raised five grounds for relief with supporting factual allegations. *See* ECF No. 2. Because the original claims are not supported by factual allegations and therefore do not state claims upon which relief may be granted, the Court only considers the claims raised in the subsequent brief.

There, Perez raises the following ineffective assistance of trial counsel claims: (1) a general allegation of ineffective assistance, which simply recites the standard for ineffective assistance of counsel claims; (2) counsel was ineffective because he failed to object to the submission of evidence regarding another incident involving Vizcaino, wherein Perez had instructed her to pick up an undisclosed sum of cash in New York prior to the New Jersey incident; (3) counsel was ineffective because he did not obtain a voice expert to analyze taped conversations between Perez and Vizcaino, which could have shown that the voice in the recordings was not Perez's; (4) counsel was ineffective for failing to use contradicting evidence to impeach Vizcaino's testimony, which could have led the jury to believe that she was not credible; (5) counsel was ineffective for having stipulated to the fact that the drugs involved were cocaine and heroin; (6) counsel was ineffective for failing to inform him of a plea offer made before trial, and failed to discuss with him the implications of that plea offer. Based on the Court's review of the record, none of Perez's claims has any merit.

### A. Standard for Ineffective Assistance of Counsel Claims

The sixth amendment guarantees the accused the "right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. Under the familiar standard, this means the right to the effective assistance of counsel, and counsel can deprive a defendant of that right by

failing to render adequate legal assistance. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984). A claim that counsel's assistance was so defective as to require reversal of a conviction has two components, both of which must be satisfied. First, the defendant must "show that counsel's representation fell below an objective standard of reasonableness." To meet this prong, a "convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 687-90. The court must determine whether, in light of all the circumstances, the identified errors fell "below an objective standard of reasonableness[.]" *Hinton v. Alabama*, 134 S.Ct. 1081, 1083 (2014) (per curiam). Second, the defendant must show that he suffered prejudice due to the alleged ineffective assistance. However, "a defendant need not show that counsel's deficient conduct more likely than not altered the outcome in the case." *Strickland*, 466 U.S. at 693. To establish prejudice, the defendant must show that "there is a reasonable probability that the result of the trial would have been different absent the deficient act or omission." *Hinton*, 134 S.Ct. at 1083.[1]

### B. Ground Two[2]

Perez asserts that counsel was ineffective for failing to challenge the admission of evidence regarding an earlier "conspiracy," whereby Perez allegedly sent Vizcaino to pick up a sum of cash in New York. In essence, Perez is raising a defense under Federal Rule of Evidence 404(b), which prohibits the admission of "[e]vidence of a crime, wrong, or other act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the

---

[1] The reasonable probability standard is less demanding than the preponderance of the evidence standard. *See Nix v. Whiteside*, 475 U.S. 157, 175 (1986); *Baker v. Barbo*, 177 F.3d 149, 154 (3d Cir. 1999).

[2] Ground One recites the standard for ineffective assistance of counsel claims and does not actually state a claim for relief, so the Court need not address it.

4

character." However, even if the Court presumes that counsel was ineffective for not challenging the admission of evidence of a prior bad act, Perez still has to show there was a reasonable probability this would have resulted in a different outcome at trial.

Here, he admits that the crucial evidence in this case was the taped conversations between him and Vizcaino in which he admitted having sent her to pick up the drugs. *See* Perez's br. supporting the mot., ECF No. 2 at 7 ("[T]he taped conversation that the government relied so much on . . . was the principle reason why the jury found [petitioner] guilty."). So even if counsel successfully excluded evidence of the New York transaction, there is no reasonable probability that the result of the trial would change—the jury likely would have convicted Perez of the drug trafficking he was charged with based on the taped conversations Vizcaino testified about and that were played to the jury. *Cf. United States v. Millhouse*, No. 06-285, 2013 WL 5467743, at *3 (E.D. Pa. Sept. 30, 2013) (holding that defendant was not prejudiced by ineffective assistance of counsel for failure to suppress post-arrest statements under *Miranda*, because other evidence independent of those statements was overwhelming). As such, Perez cannot establish prejudice for his ineffective assistance claim on this ground, and relief is denied.

**C. Ground Three**

Perez asserts that counsel was ineffective for failing to present expert testimony that the voice speaking with Vizcaino in the multiple recordings presented at trial was not his. However, his allegation is merely conclusory, because he does not submit any evidence to substantiate his claim.

Here, forensic analysis was not needed to identify Perez as the recorded person—Vizcaino, the other participant in the conversations, could have and did testify that he was the person she spoke to. *See* trial tr., Crim. Dkt., ECF No. 30. As such, Perez must substantiate his claim with

affirmative evidence to rebut Vizcaino's testimony for the Court to find that relief is warranted; a criminal defendant bears the affirmative burden of establishing his entitlement to relief on a habeas petition. *United States v. Davies*, 394 F.3d 182, 189 (3d Cir. 2005); *see also McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013) (finding that to claim actual innocence in a habeas petition, a petitioner must "persuade the district court that, in light of [] new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt"). But despite having access to the actual taped recordings and plenty of opportunity, for the purposes of this motion, to obtain an expert report on his own to disprove Vizcaino's testimony, Perez provides no evidence to substantiate his claim—indeed, during trial, he objected to the meaning of the recorded statements, something he would not have known about unless he was the recorded speaker. *See, e.g.*, trial tr., Crim. Dkt., ECF No. 31 at 102-107. He also has not identified with any specificity exactly which recordings were not of him. Without any showing that the voice in the recordings was not his, he does not satisfy either prong of the *Strickland* test—one, there is no reason to believe that counsel should have obtained a voice expert, and two, there is no evidence to show that the alleged failure affected the outcome of his case. The claim, in short, is based on pure speculation, made in the face of affirmative evidence that he was the speaker. The Court finds that counsel was not ineffective for failing to hire an expert to investigate a meritless claim. Relief on this ground is denied.

   **D. Ground Four**

Perez attacks Vizcaino's trial testimony that he was the one who sent her to pick up the drugs, contending that a sworn affidavit she made prior to trial stated that Martinez sent her to pick up the drugs. He asserts that counsel was defective for failing to use this affidavit, which Perez fails to supply with his papers, to impeach Vizcaino on cross examination.

6

Nevertheless, assuming that such an affidavit exists, and that counsel was ineffective for not using it, the evidence at trial establishes that even if the jurors chose not to believe anything Vizcaino said, they had the recorded conversations and Perez's own testimony regarding the meaning of the recorded statements, powerful evidence against him that did not rely on her credibility. *See United States v. Parker*, 621 F. App'x 109, 111 (3d Cir. 2015) (finding that petitioner's ineffective assistance of counsel claim—for counsel's failure to challenge a defective testimony—fails when petitioner's guilt was overwhelmingly established by other evidence). Indeed, as the Court finds above, Perez has not disproved that the recordings were not of him. Accordingly, there is no reasonable probability, had counsel attempted to impeach Vizcaino with the alleged sworn affidavit, that the outcome of the trial would change. Relief is denied on this ground.

**E. Ground Five**

Perez contends that counsel was ineffective for having stipulated before trial that the drugs in question were cocaine and heroin. However, he does not deny that they were cocaine and heroin, nor does he submit any lab testing, as part of his motion before this Court, to show that they were not cocaine and heroin. Again, under *Strickland*, Perez has to establish that counsel acted unreasonably, and that but for counsel's alleged error, there is a reasonable probability the result of the trial would have been different, which he fails to do. Instead, it is apparent from the record that had counsel refused to stipulate, evidence in the form of lab results testified to by a government witness would have confirmed the drugs were cocaine and heroin. Perez's contention can be summarized as stating that counsel was ineffective for not objecting to something for the sake of objecting, even though it would not have aided Perez at trial and the challenged evidence would

7

have surely been admitted. That does not satisfy the standard under *Strickland*. Thus, Perez has failed to state a valid claim on this ground, and relief is denied.

**F. Ground Six**

Perez asserts that counsel was ineffective for failing to discuss with him the terms of a plea agreement that the prosecution had offered prior to trial. He admits that the plea offer was made while he was being represented by a prior counsel, and that he rejected the offer. Nevertheless, he asserts that he "had rejected the deal at that time because he wanted counsel to negotiate a lower sentence of probabl[e] time served, and therefore, instructed his counsel to go and talk to the government about their plea deal that was offered to his previous counsel." Perez contends that counsel was ineffective because he never "communicated with petitioner what he had discussed with the government, nor, what the government might have said to him." Perez now asserts that "he was prepared to accept the government's prior plea deal of 5 years when he specifically instructed his counsel to go and talk to the government concerning their previous plea offer." Perez's br., ECF No. 2 at 17. He further alleges that counsel "never recommend[ed] to him that he should plead guilty or informed him that there were benefits to pleading guilty as against going to trial." Perez's reply, ECF No. 17 at 10-11.

The standard for an ineffective assistance of counsel claim regarding defective advice leading to the rejection of a plea offer was set forth in *Lafler v. Cooper*, 132 S. Ct. 1376 (2012).

> [A] defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court . . ., that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Id.* at 1386. In its opposition, the government submits an affidavit from Perez's trial counsel, stating that prior counsel adequately advised Perez on the plea offer, and he rejected it. *See* ECF

8

No. 8-1 at 3. Perez does not dispute this assertion about his earlier attorney, but insists that trial counsel was ineffective because he himself did not advise Perez on the plea offer. A second attorney is not obligated to advise a defendant on every issue that prior counsel already adequately addressed. *See United States v. Watson*, No. 11-cr-0166-002, 2012 WL 1831430, at *6 (N.D. Okla. May 18, 2012) ("Defendant is essentially arguing that the effective assistance of prior counsel can be negated by subsequent counsel's failure to repeat every conversation that prior counsel has had with defendant and retroactively discuss every plea offer that had been rejected. Neither *Strickland*, nor *Lafler/Frye*, supports this argument.").

Perez further contends that counsel never communicated with him about his subsequent instruction "to go and talk to the government about their plea deal." However, it is reasonable to assume that the government either refused to make a different offer, or worse, the government had withdrawn the initial offer after Perez's rejection. Despite Perez's after-the-fact assertion that "he was prepared to accept the government's prior plea deal of 5 years," there is no allegation that he informed counsel of his change of heart. Absent an explicit instruction from Perez to accept the original plea offer, it was not unreasonable for counsel to rely on his instruction to "negotiate a lower sentence of probable time served," and when that negotiation presumably failed, to rely on his rejection of the original plea offer as an indication that no further communication was necessary. At any point, had Perez changed his mind about pleading, he could have informed counsel of his change of heart, instructed counsel to inquire about the original offer, and forgone negotiation of a better deal. There is no allegation he did that, and even if he had, no indication that the original plea offer was still available at the time Perez's second attorney took the case. As such, the Court finds that counsel was not ineffective on this ground, and relief is denied.

### G. Totality

Even if the Court reviews Perez's ineffective assistance of counsel claims in the aggregate, *see Albrecht v. Horn*, 485 F.3d 103, 139 (3d Cir. 2007) ("We recognize that errors that individually do not warrant habeas relief may do so when combined."), counsel was not ineffective. The law does not require counsel to be perfect. Perez's trial counsel was required to provide objectively reasonable representation to Perez, and based on the record, he did. Perez, for the most part, is attacking the sufficiency of the government's case by attempting to raise reasonable doubt, but the time for that strategy has passed. On a federal habeas petition, the Court is limited to reviewing the case to see if any errors of constitutional proportion had occurred. The Court finds that none of Perez's claims, either separately or in the aggregate, asserts a violation of his constitutional rights, and the motion is denied.

### H. Certificate of Appealability

An appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2255, unless a certificate of appealability issues upon a finding that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003).

Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right, and the Court declines to issue a certificate of appealability. *See* Fed. R. App. P. 22(b)(1); 3d Cir. L.A.R. 22.2.

## IV. CONCLUSION

For the reasons set forth above, Petitioner's motion is DENIED and the Court denies a certificate of appealability.

    _s/ Katharine S. Hayden
**Katharine S. Hayden, U.S.D.J.**

Dated: May 25, 2017